OPINION OF THE COURT
Lee L. Holzman, J.
The guardian of Anna’s property petitions to withdraw the entire balance of settlement proceeds on deposit in the guardianship account in order to settle and voluntarily pay a claim of the New York State Office of Mental Retardation and Developmental Disabilities (OMRDD) for non-Medicaid-covered expenses provided to Anna from November 7, 1951 through March 31, 1968.
Pursuant to its proposed settlement, OMRDD indicates that if the guardian of the property voluntarily pays the amount owed on its claim, then: (1) it will defer processing 90% of that payment and deposit those funds for the benefit of the ward in the New York State Association of Retarded Citizens, Inc.’s (NYSARC) third-party agency trust (master trust), and (2) the guardian of the property would remain as such in order to act as a liaison with NYSARC and make payment requests for non-Medicaid-covered expenses through the NYSARC trustees.
Allan E. Kirstein, Esq., Anna’s guardian ad litem, reports that in two unreported proceedings other courts have approved similar applications. He states that the advantages of accepting the proposal are: (1) Anna will not lose her Medicaid eligibility because there will no longer be any funds on deposit in the guardianship account for her benefit, and (2) Anna’s non-Medicaid-covered expenses can be paid by the trust, deferring the balance owed to OMRDD, to be paid, in whole or in part, from any funds remaining in the trust upon Anna’s death. It appears that OMRDD has the discretion to defer and possibly discount the funds that it could recover in litigation in exchange for saving the litigation expenses by the voluntary transfer of the funds to it, to be used as set forth above.
The guardian ad litem reports and the court concurs that the granting of the petition is in Anna’s best interests. The court commends Allan E. Kirstein, Esq., for having voluntarily waived his right to any compensation for his valuable services in this proceeding.